

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DARLING SONS INTERNATIONAL, LLC, | ) | |
| | ) | No. 75944-2-I |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | DIVISION ONE |
| DEATLEY BROTHERS, LLC; DEATLEY | ) | |
| BROS, LLC; CAPITOL INDEMNITY | ) | UNPUBLISHED OPINION |
| CORP., a Washington Surety; DUSTIN | ) | |
| DEATLEY; BRANDON DEATLEY; and | ) | |
| ALAN DEATLEY, | ) | |
| | ) | |
| Appellants. | ) | FILED: April 16, 2018 |
| | ) | |

APPELWICK, J. — DeAtley argues that the trial court should have stayed the proceedings below prior to entering judgment on an arbitration award. We affirm.

## FACTS

An arbitrator ruled in favor of Darling Sons International LLC, and against DeAtley Brothers LLC, DeAtley Bros LLC, Alan DeAtley, and Capital Indemnity Corp.[1] The award gave Darling $55,685.05 in principal, $17,691.00 in attorney fees, $874.30 in costs, and $11,880.06 in interest. The record is completely silent as to the nature of the dispute.

Darling then moved in superior court for entry of judgment on that award, plus $17,691.00 in attorney fees. The trial court granted the motion.

DeAtley appeals.

---

[1] We refer to the appellants collectively as DeAtley.

## DISCUSSION

DeAtley's sole argument is that the trial court erred by declining to stay the proceedings while one of the appellants was in Colorado where he was tried, convicted, and incarcerated on a criminal matter. But, they do not identify which appellant was facing trial, or why. And, they do not make any citation to the record that supports this contention. Nor does the record show that DeAtley alerted the trial court to this alleged circumstance.

"An appellate brief should contain argument in support of every issue presented for review, including citations to legal authority and references to the relevant parts of the record." Farmer v. Davis, 161 Wn. App. 420, 432, 250 P.3d 138 (2011). "Lacking either, we will not consider this issue." Id. Here, not only does DeAtley fail to cite to the record, but the record contains no facts that support their argument or even corroborate their statement of facts. As a result, we do not consider DeAtley's argument.[2]

Darling also moves for attorney fees under RAP 18.1. The superior court judgment awarded attorney fees. Darling claims that this was pursuant to a contractual clause. Darling argues that a contractual provision that awards fees at trial also supports an award of fees on appeal, relying on Umqua Bank v. Shasta Apartments, LLC, 194 Wn. App 685, 699, 378 P.3d 585 (2016). But, there, the agreement expressly authorized recovery of fees at both trial and on appeal. Id.

---

[2] Due to this inadequate factual foundation, Darling has moved to strike DeAtley's brief entirely, pursuant to RAP 17.4(d). RAP 17.4(d) states that "[a] party may include in a brief only a motion which, if granted, would preclude hearing the case on the merits." We deny the motion.

While RAP 18.1 would authorize recovery of fees on the basis Darling argues, here the purported contract is not in the record and the judgment does not articulate the basis for the award. As a result, we have no way of knowing whether a contractual provision was the basis for the award of fees below. We cannot hold that a party is entitled to attorney fees under a contract if that contract does not appear in the record before us. Darling does not argue that it is entitled to fees on any other grounds. Therefore, we deny Darling's request for fees on appeal.[3]

We affirm.

WE CONCUR:

_Appelwick, CJ_

_Dwyer, J_

_Becker, J_

---

[3] This does not affect the trial court's award of attorney fees to Darling below.